

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 28, 1947

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Opinion No. V-221

Re: Employee of a licensed
dealer in oil and gas
securities, who acts as
agent in securing oil
and gas leases for the
dealer, is required to
obtain a license under
the Texas Securities Act.

Dear Sir:

You have requested the opinion of this Department
upon the following factual situation:

"Will you please advise me if a person who
accepts employment for a dealer in oil and gas
securities is required to be licensed under the
Securities Act.

"The facts in the case are these: a holder
of a license employed an individual for the pur-
pose of securing or taking a block of oil and
gas leases. The leases were taken in the name
of the dealer; the employee contacted the land
owners, offered to lease the land for and in the
name of the licensed dealer. The compensation
agreed to be paid for the taking of this block
of oil and gas leases was 10 cents per acre for
each acre so leased. The employee did not sell
or attempt to sell such leases nor did he deal
in such leases, other than to place them in the
bank subject to acceptance by the dealer. Such
employee was a Notary Public and in the execution
of such leases took the acknowledgments of the
various land owners."

The factual situation stated above is practically
identical with the facts set forth in the opinion of the

Supreme Court of Texas in Fowler v. Hults, 138 Tex. 636, 161 S. W. 2d 478, (1942) wherein it was held as follows:

"If the plaintiff in error Fowler as a condition precedent to the performance of the services for which he was employed by defendant in error Hults, procuring the execution of the oil and gas leases by the land owners, were required to register as a dealer under the Securities Act, then any person employed by an oil company, or other prospective lessee, to obtain or assist in obtaining oil and gas leases from land owners would be required to register as a dealer in securities before entering upon the performance of his duties. There is in our opinion no language in the Act to justify that construction of it and that construction is not necessary to the accomplishment of the declared and obvious purpose of the statute.

"We express no opinion as to what may be the effect of the amendments made to the Securities Act by the Forty-seventh Legislature. Acts Reg. Sess., 47th Leg., 1941. Ch. 363, p. 593, Vernon's Ann. Civ. St. art. 600a, Sections 33a, 33b. The transactions out of which this suit arose were completed long before the amendments were enacted." (Emphasis added)

The foregoing doctrine was again affirmed by the Supreme Court in Herren v. Hollingsworth, 167 S. W. 2d 735 (1945), but no reference was made therein to the amendment to Article 600a, V.C. S., by the Forty-seventh Legislature in adding Section 33b thereto (Chap. 363, Sec. 2, Acts 1941, 47th Leg. p. 593) since the transaction involved arose prior to the passage of the amendment.

The Supreme Court in the case of Lewis v. Davis, 199 S.W. (2d) 146, 149, has definitely construed the meaning of the above emphasized amendments to the Securities Act as follows:

"The Securities Act, Regular Session, 44th Legislature, Chapter 100, was amended in 1941 by adding to it Sections 33a and 33b, Acts Regular Session, 47th Legislature, Chapter 363. Section 33a relates to the remedy of the purchaser against the seller. Section 33b provides that no person or company shall bring or maintain an action for the collection of a commission or compensation 'For services rendered in the sale or purchase of securities, as that term is herein defined, without alleging and proving that such person or company was duly

licensed under the provisions hereof and the securities so sold or purchased were duly registered under the provisions hereof.' We do not construe this added section to intend, on account of its use of the words 'sale or purchase of securities' and 'securities so sold or purchased', to work changes in the general purpose of the Act and so to amend it as to require the procuring of permits or licenses by those who buy securities and the registration of securities for the protection of sellers against buyers.

"As is pointed out in Fowler v. Hults, 138 Tex. 636, 161 S. W. 2d 478, the Securities Act in all of its many sections makes careful and detailed provision for the registration of dealers in securities, that is, persons engaging in the business of selling securities, and for permits for the issuance of securities, that is, securities issued to be sold -- all for the protection of buyers against sellers. The Act does not undertake to prescribe a plan for the registration of of buyers of securities or methods for the protection of sellers against buyers. Had it been intended by the amendment of the Act made in 1941 so raidcally to change it as to make its various requirements applicable to buyers as well as to sellers, that intention certainly would have been more clearly and explicitly shown. The reasonable construction to be placed on Section 33b is that it means that a person, who is required by the terms of the Act to register as a dealer, salesman or agent or to obtain a permit, may not bring or maintain an action for commission or compensation for his services performed as such dealer, salesman or agent without alleging and proving that he was duly licensed and the securities duly registered under the Act. A construction of Section 33b as intending to change all of the various sections and provisions of the Act so as to make them apply to buyers as well as to sellers would be contrary at least to the spirit and purpose of Section 36 of Article III of the Texas Constitution, Vernon's Ann. St., which prohibits amendments of laws, or sections of laws, by reference." (Emphasis added)

In view of the foregoing decision, the employee of the licensed dealer in oil and gas securities is not subject to the provisions of the Texas Securities Act., (Article 600a, V.C.S.), and he need not secure a license thereunder.

## SUMMARY

An employee of a licensed dealer in oil and gas leases, who acts as agent for such dealer in securing oil and gas leases, is not subject to the provisions of the Texas Securities Act (Article 600a, V.C.S.), and need not secure a license thereunder. Fowler v.

Hults, 138 Tex. 636; Lewis v. Davis, 199 S. W. (2d) 146.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      C.K. Richards /s
        C.K. Richards
            Assistant

CKR/lh:m

APPROVED:

Price Daniel   /s

ATTORNEY GENERAL